Plaintiff-appellant, Wilma G. DeVore, appeals from the decision and entry of the Franklin County Court of Common Pleas granting defendant-appellant Franklin Manor Apartment's motion for summary judgment. For the reasons that follow, we affirm the judgment of the trial court.
Appellant brought this action as a result of injuries she sustained on August 18, 1995, when she fell down the stairs from the hallway outside her apartment. Appellant's apartment is on the top floor of the building. Her apartment exits onto a hallway, which has one stairway that goes down to the ground level. On August 18, 1995, appellant had been living in her apartment for approximately six months. On that day she was using crutches to descend the stairs when she fell on the second step. When asked if she knew what it was that caused her to fall, appellant answered as follows:
 I got my crutch caught on to the land — to the step. They had plastic stuff on the step, and when I went to pick my crutches up to get down to the next step, it got caught on — the crutch got caught on that plastic stuff, and I was pulling on it and in the meantime I fell. (Depo. 22.)
In her affidavit, appellant stated that she noticed looseness of the stair tread when her crutch got caught on the loose plastic covering of the stairs. Appellant also stated that when she fell, the stair tread had become so loose and detached that it could easily be partially pulled away from the stair itself. (Affidavit, paragraphs 3 and 4.)
Appellant filed suit against appellee alleging claims for common law negligence and negligence per se. Appellant claimed appellee had breached its duty to maintain the stairwell in a safe and usable condition.
Appellee filed a motion for summary judgment attaching the affidavit of its resident manager. The manager indicated that at no time prior to the day of appellant's fall had any person, including appellant, advised her of any problem with the stairs to appellant's apartment. The trial court granted summary judgment in favor of appellee on the grounds that appellant had failed to present any evidence that appellee had actual or constructive notice of the alleged defect in the condition of the stairs, or that appellant had attempted to inform appellee of the defective condition before she fell. (Trial court decision at 5.)
Appellant filed a motion to reconsider. Attached to the motion was the affidavit of Margaret Daugherty who stated that the steps were in exceedingly poor condition and were in an obviously defective condition before appellant fell. The trial court denied the motion to reconsider.
Appellant appealed, assigning as error the following:
 1. The Trial Court erred when it found no genuine issue of material fact concerning the existence of a duty on the part of the Defendant to maintain the common stairwell when Defendant admitted in response to a Request for Admissions that it had such a duty.
 2. The Trial Court erred when it found no genuine issue of material fact concerning the existence of a duty on the part of the Defendant to the Plaintiff pursuant to the rental agreement signed between the parties.
 3. The Trial Court erred when it found that there was no genuine dispute as to material facts concerning whether Defendant had constructive notice of the defect in the common stairwell.
Before addressing the merits of appellant's argument, we must consider the applicable standard of review. Civ.R. 56(C) states that "[s]ummary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Tokles Son, Inc. v. Midwestern Indemn.Co. (1992), 65 Ohio St.3d 621, 629, citing Harless v. WillisDay Warehousing Co. (1978), 54 Ohio St.2d 64, 65-66. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. Once the moving party meets its initial burden, the nonmovant must then produce competent evidence showing that there is a genuine issue for trial. Id. Appellate review of summary judgments is de novo. Koos v. Central Ohio Cellular, Inc.
(1994), 94 Ohio App.3d 579, 588; Midwest Specialties, Inc. v.Firestone Tire Rubber Co. (1988), 42 Ohio App.3d 6, 8. As such, we stand in the shoes of the trial court and conduct an independent review of the record.
In her first two assignments of error, appellant argues the trial court erred when it failed to find a genuine issue of material fact as to the existence of a duty on the part of appellee to maintain the common stairway upon which appellant fell. This argument lacks merit, as the trial court never made such a determination. Moreover, appellee admitted it had a duty to keep the stairs upon which appellant fell in a safe condition. The trial court based its decision on the failure of appellant to present any evidence that appellee had actual or constructive notice of the alleged defect. The first two assignments of error are not well-taken.
In her third assignment of error, appellant argues the trial court erred because a genuine issue of material fact existed on the issue of appellee's constructive notice that the stairway was in defective condition. Appellant concedes that appellee did not have actual notice of the defective condition. Instead, appellant argues that because appellee performed a daily walk-through of the premises, appellee must have had constructive notice of the defect in the stairs. We disagree.
In Shroades v. Rental Homes (1981), 68 Ohio St.2d 20, syllabus, the Ohio Supreme Court held that "[a] landlord is liable for injuries, sustained on the demised residential premises, which are proximately caused by the landlord's failure to fulfill the duties imposed by R.C. 5321.04." The court explained:
 R.C. 5321.04 imposes duties on the landlord to make repairs and do whatever is necessary to put and keep the premises in a fit and habitable condition. Furthermore, the purpose of the statute is to protect persons using rented residential premises from injuries. A violation of a statute which sets forth specific duties constitutes negligence per se. However, in addition to negligence per se proximate cause for the injuries sustained must be established. Also it must be shown that the landlord received notice of the defective condition of the rental premises, that the landlord knew of the defect, or that the tenant had made reasonable, but unsuccessful attempts to notify the landlord. Id. at 25-26. (Citations omitted; emphasis added.)
In order to show that a landlord had constructive notice, an injured plaintiff has the burden of showing that the defect in question must have existed for such a length of time that the landlord, by exercising reasonable care, should have discovered it. Jones v. Greene Countrie Apts. (June 14, 1994), unreported, Franklin App. No. 94APE01-105 (1994 Opinions 2788).
Here, there is no evidence from which it could be reasonably inferred that the step had been defective for such a length of time that appellee should have known the step was defective. Appellant testified that the step upon which she fell was in the same condition it had been in for the previous two weeks, and she did not notice anything different about it on the day she fell. (Depo. 23.) Appellant had no problem with the step before the day she fell, and appellant had never had a problem going up or down the stairs from the time she moved in to her apartment until the day she fell. (Depo. 23, 26.)
In addition, the affidavit of Margaret Daugherty is insufficient to create a genuine issue of material fact as to the issue of constructive notice. Nothing in her affidavit indicates when she made her observations. Without some evidence as to how long the defective condition existed, appellee's admission that it walked through the premises daily and performed cleaning as needed is insufficient to create a genuine issue of material fact as to whether, before appellant's fall, the defects in the stairs could have been discovered. The third assignment of error is not well-taken.
Based on the foregoing, appellant's three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
DESHLER and KENNEDY, JJ., concur.